AARON D. FORD
  Attorney General
NATHAN M. CLAUS (Bar No. 15889)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-7629 (phone)
(702) 486-3768 (fax)

*Attorneys for Defendants*
*Cary Dyer and Mark Cullom*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CORNELIUS E. BROWN, | Case No. 3:23-cv-00618-MMD-CLB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR EXTENTION OF DISCOVERY** |
| HARTMAN, et al., | **[FIRST REQUEST]** |
| Defendants. | |

Defendants, Cary Dyer and Mark Cullom, by and through Aaron D. Ford, Attorney General for the State of Nevada, and Nathan M. Claus, Deputy Attorney General, hereby submit this motion for extension for discovery in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF THE ARGUMENT

Good cause and exists to extend the discovery deadlines to permit the parties to complete the limited discovery related to any exhaustion defense by Defendants.

### II.    BRIEF STATEMENT OF THE CASE

Plaintiff Cornelius E. Brown (Brown) sues Cary Dyer and Mark Cullom for alleged violation of his religious rights at Northern Nevada Correctional Center. ECF No. 8.

On May 19, 2025, this Court held a case management conference for this matter and found that that discovery will be bifurcated to allow limited discovery on the issue of exhaustion. ECF No. 23. The Court then ordered that "the parties will be allowed ninety

///

(90) days from today's date to conduct and complete discovery on the issue of exhaustion only." *Id*. at 2. The 90-day deadline expires on August 18, 2025.[1]

Good cause exists for an extension of discovery by 30 days to allow Brown to complete Interrogatories sent to him by Defendants.

## III.    STATEMENT OF DISCOVERY COMPLETED

On July 8, 2025, Defendants submitted Interrogatories to Plaintiff. On July 18, 2025 (a Friday), Defendants received a letter from Mr. Brown where Mr. Brown stated that he did not receive certain Bates stamped documents referred to in the Interrogatories. On July 23, 2025 (a Wednesday), Defendants mailed the entire initial disclosures to Brown to ensure the records were complete and indicated they would be happy to extend Brown's response deadline to permit him time to respond.

On August 13, 2025, counsel for Defendants spoke with Brown on the phone about the Interrogatories to check if he had received anything in the mail, and Brown indicated that he received the disclosures, but that he needed more time to respond to the Interrogatories. Brown indicated that he wanted more time partially due to the fact that he wanted to view his case note print out, which requires him to kite the warden's office to review it.[2] Counsel for Defendants indicated that he would email the warden's office to make sure that that review happened as soon as possible. On August 14, 2025, counsel sent an email to confirm the meeting for Brown. Counsel for Defendants also explained to Brown that he will be filing a motion for an extension of time on the exhaustion discovery, and Brown verbally indicated that he did not oppose such a request.

## IV.    STATEMENT OF DISCOVERY THAT REMAINS TO BE COMPLETED

The only discovery remaining for this limited discovery period is the outstanding Interrogatories to Brown.

///

---

[1] 90 days would be August 17, 2025, a Sunday, so the deadline has been adjusted accordingly.

[2] Counsel for Defendants does not believe that Brown needs to view these documents to answer the Interrogatories, but does not object to him reviewing them prior to the answering for the Interrogatories since he believes that they would help.

## V.    STATEMENT OF GOOD CAUSE AND EXCUSABLE NEGLECT

Under Local Rule 26-3, "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must . . . be supported by a showing of good cause for the extension." *See also* Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, pursuant to Local Rule 26-3, any motion that requests an extension of any date set by a scheduling order must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. LR 26-3.

This motion is made in good faith, without dilatory motive, not for the purposes of causing undue delay. The parties have been working together to complete discovery.

Good cause exists for this request exists here because the parties had been trying to complete the discovery prior to the completion of the current deadline, and the delays for the completion of the Interrogatories appear to be related to mail issues and also for Brown to have sufficient time to review documents prior to sending his complete responses.

Good cause is met here to extend discovery in this case because Defendants are not seeking 30 more days for discovery for any purpose other than to allow discovery to be completed for the limited discovery permitted by this court. Defendants argue that these facts meet good cause for the requested extension.

## VI.    PROPOSED SCHEDULE FOR COMPLETION OF DISCOVERY

Good cause exists for a 30-day extension of the limited discovery period up to and including September 17, 2025, with Defendants' early dispositive motion being due on September 24, 2025.

///

///

///

///

1

## VII.  CONCLUSION

2       The Parties submit that the facts and the argument contained herein constitute good

3  cause to extend the discovery deadlines 30 Days to September 17, 2025, with Defendants'

4  early dispositive motion being due on September 24, 2025.

5       DATED this 15th day of August, 2025.

6                                              AARON D. FORD
                                              Attorney General
7
                                              By: /s/ Nathan M. Claus
8                                              NATHAN M. CLAUS (Bar No. 15889)
                                              Deputy Attorney General
9
                                              *Attorneys for Defendants*
10

11

12

13  **IT IS SO ORDERED.**

14  **DATED:** August 15, 2025

15

16

17                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28