UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORNELIUS E. BROWN, | Case No. 3:23-cv-00618-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| HARTMAN, *et al.*, | |
| Defendants. | |

## I.      SUMMARY

*Pro se* Plaintiff Brown is an inmate housed at Northern Nevada Correctional Center ("NNCC") and filed civil rights complaint under 42 U.S.C. § 1983 alleging Defendants Dyer and Cullom, both Chaplains, violated his First Amendment right to free exercise of religion. (ECF No. 8.) Brown now objects (ECF No. 37 ("Objection")) to United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 36 ("R&R")), recommending that the Court grant Defendants' early exhaustion motion for summary judgment (ECF No. 27 ("Motion")). As further explained below, the Court overrules Brown's Objection and adopts the R&R in full.

## II.      DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Brown filed his Objection.

Judge Baldwin recommends Defendant's Motion be granted because "Brown filed two grievances related to his claim. . . . [but] failed to exhaust both grievances and abandoned them at the Informal Level." (ECF No. 36 at 9.)

Brown first objects, stating that the Judge Baldwin overlooks that "his fourth and final grievance"—referring to one of his two informal grievances—"was ordered by administrative officials "do not resubmit'" which creates a genuine dispute of material fact as to exhaustion. (ECF No. 37 at 2.) The Court agrees with Judge Baldwin. Judge Baldwin addresses this argument in the R&R that no remedy was available to Brown because the fourth and final grievance form for Grievance 2006-31-57212 stated "Do not re-submit." (ECF No. 36 at 11.) Judge Baldwin explains that this did not render the grievance process unavailable to him, because "Brown was specifically told three times that his claim could not be addressed unless he provides more details, and that he needed to resubmit the grievance," but Brown did not correct his grievance. (*Id.* at 12.) To the extent that Brown argues that Judge Baldwin overlooked that the instruction not to resubmit was accompanied by a threat of disciplinary action (ECF No. 37 at 2, 5), the Court agrees with Judge Baldwin that it was reasonable for prison official to prohibit him from resubmitting his form a fourth time, given Brown's "unwillingness to provide basic details to support his claim." (ECF No. 36 at 12.)

Second, Brown objects to the R&R on the basis of "failure by the (magistrate RR) to consider the Howard vs. Hill" case he cited to in his Response. (ECF No. 37 at 2.) Brown asserts that in *Howard v. Hill*, 156 F. App'x. 886 (9th Cir. 2005), an unreported Ninth Circuit case, the court held that no remedy was available to a prisoner "where prison officials informed a prisoner that they would not respond to any grievances the prisoner filed." (ECF No. 37 at 2-3.) But notably, in *Howard*, the court held that prisoner did not have an obligation to exhaust unavailable remedies because the defendants had terminated the prisoner's right to receive responses to his grievances. *See Howard*, 156 F. App'x. at *1. Here, as Judge Baldwin notes, Plaintiff received multiple opportunities to

2

correct the deficiencies of his informal grievance. (ECF No. 36 at 12.) Thus, *Howard* is factually distinguishable.

Accordingly, the Court agrees with Judge Baldwin that Defendants are entitled to summary judgment because Brown failed to exhaust his available administrative remedies.

**III.   CONCLUSION**

The Court notes that Brown made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Brown's Objection (ECF No. 37) to Judge Baldwin's Report and Recommendation (ECF No. 36) is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 36) is adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 27) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE